PER CURIAM.
Upon petition of The Florida Bar, we issued our order to show cause and order appointing referee concerning respondent’s alleged unauthorized practice of law in the State of Florida. The referee has issued an order approving a stipulation entered into by the parties and forwarded the cause to this Court for our consideration. We have jurisdiction. Art. V, § 15, Fla. Const.
The operative portions of the stipulation read as follows:
WHEREAS, the Petitioner and the Respondent jointly agree and stipulate as follows;
1. The Respondent, JOHN RICHARD DETOMA, is not presently a member of the Florida Bar nor licensed to practice law in the State of Florida.
2. Respondent was employed at the Law Offices of Gary E. Chase, Esquire, located at 2298 Northwest 2nd Avenue, Boca Raton, Florida 33431, wherein he represented himself as an attorney. The front door of the law office supported a gold plaque which read, “John Richard DeToma, Esquire, and Gary E. Chase, Esquire,” as evidenced by an Affidavit and Application for Search Warrant sworn to by Detective Robert E. James on January 27, 1984 and filed in the Circuit Court of the Fifteenth Judicial Circuit on February 1, 1984.
3. Respondent’s name appears on several business cards that indicate that he is a licensed attorney. All cards bear the aforementioned business address as well as the office’s branch telephone numbers: Ft. Lauderdale 726-0715, Boca Raton 395-2136, Palm Beach 586-5305. Respondent’s name accompanies that of Gary E. Chase on the business card of Roxanne Kerenbush, Office Administrator, in the following context: “Law Offices of Gary E. Chase, Esq., John Richard DeToma, Esq., Attorneys at Law.” Two other business cards feature “John Richard DeToma, Esq., Law Office Manager” and “John Richard Detoma, Esq., Counselor of Law,” respectively.
4. On or about February 21, 1984, during an interview for an associate’s position at Respondent’s firm, Respondent falsely indicated to Steven Lieberman that he, Respondent, was a member of the California Bar. Respondent stated to Lieberman that all legal documents would be drafted by Respondent and that Lieberman’s sole function as an associate would be to sign such documents. Lieberman disclosed this information since *600 he felt that Respondent’s business cards deceptively represented Respondent as an attorney licensed to practice law in Florida.
5. On or about November 13, 1984, Respondent represented himself as an attorney to various Barnett Bank (Palm Beach County Branch) employees. Respondent indicated on a checking account application that his business/occupation was “legal services,” and presented a business card featuring himself as “John Richard Detoma,” “Juris Doctor” to the bank. Further, Respondent deposited a check with insufficient funds that featured himself as “John Richard DeToma, Esq.” When a branch manager questioned Respondent regarding the status of his account, Respondent’s response included that he was “a struggling young attorney.”
6. Respondent, JOHN RICHARD DE-TOMA, agrees that the activities enumerated herein constituted the unauthorized practice of law in the State of Florida. The Respondent agrees to be permanently enjoined in engaging in the acts as set forth therein and from otherwise engaging in the practice of law in the State of Florida unless and until the Respondent is admitted to the membership of the Florida Bar and licensed to practice law in the State of Florida. In the event Respondent engages in any of the conduct stipulated to be enjoined herein and has not been duly licensed to practice law in the State of Florida, he stipulates and agrees that such conduct on his part shall constitute direct criminal contempt of the Supreme Court of the State of Florida and unauthorized practice of law in the State of Florida.
7. The procedural provisions of Article 16 of the Integration Rule of the Florida Bar are, for the purposes of settlement, waived provided that the settlement is approved by the Referee, the Florida Bar Standing Committee on the Unauthorized Practice of Law and the Supreme Court of Florida.
8. Respondent agrees to pay to Petitioner all costs of this proceeding. The amount of such costs shall be determined by the filing of a Statement of Costs by the Petitioner with the Supreme Court of Florida.
9. Respondent stipulates to the entry of an Order or Orders necessary to incorporate and carry out all of the matters set forth in this Stipulation.
10. The parties enter into this Agreement on the date set forth next to their signatures below.
Petitioner, The Florida Bar, moves this Court to approve and enforce the stipulation. We approve the stipulation and order of the referee and permanently enjoin respondent from engaging in the unauthorized practice of law in the State of Florida.
Judgment for costs in the amount of $725 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J„ and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.